[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs Frank Rogers and Maureen Colella bring this action for damages against their former tenant, Amy R. Miller. The plaintiffs claim that they entered into a written lease with the defendant whereby she rented from them an apartment in premises known as 639 Schoolhouse Lane in Orange, Connecticut.
The first count of the complaint recounts the material terms of the written lease. The parties' written lease covering the period of August 1, 1993 through July 31, 1994 — sets the monthly rental payment at $790.00. The defendant gave the plaintiffs a security deposit of $790.00. In addition, the lease obligates the tenant to be responsible for heat and water for the apartment. The lease further obligates the tenant to be responsible for the landlord's costs and counsel fees in event of its CT Page 1267-BBB breach.
In the first count the plaintiffs allege that the defendant breached the lease by giving them notice on December 2, 1993 and vacating the premises on or December 30, 1993 — a time much earlier than the three month notice requirement in paragraph 30 of the lease. The first count of the complaint sets out a claim for all unpaid rent.
In the second count the plaintiffs claims that the defendant owes them $534.50 on the prior rental arrearage specified in paragraph 28 of the lease. The third count seeks compensation for an unpaid water bill. The fourth count contains the plaintiffs' allegation that the defendant is responsible for damaging the premises beyond the point of ordinary wear and tear.
In her Answer defendant Amy Miller admits the material provisions of the lease. She further admits the following: 1) that she gave notice on December 2, 1993 and vacated the premises on December 30, 1993; and 2) that she owes a prior rental arrearage of $534.50. The defendant denies that she did not pay the water bill. She further denies that she owes rent for the month of September 1993, and denies that she left the premises in a condition deteriorated beyond ordinary wear and tear.
The defendant has filed several Special Defenses. In her First Special Defense the defendant claims that the plaintiffs were not entitled to collect any rent because they failed to obtain a certificate of occupancy for the premises. In the Second Special Defense the defendant contends that the plaintiff's material breach of their obligations under the lease justified her terminating the lease. In a Third Special Defense the defendant claims that the plaintiffs' failure to supply essential services as required by Gen. Stat. § 47a-13 excused her obligation to pay rent. In a Fourth Special Defense the defendant asserts that she properly terminated the lease pursuant to General Statutes § 47a-12. In a further Special Defense the defendant claims that she paid the water bill in full except for $100.00 which she retains as an offset against monies paid by her but which should have been paid by another of the plaintiffs' tenants. CT Page 1267-CCC
The defendant also has filed a Counterclaim which consists of several counts. Count One of the Counterclaim seeks $10,492.50 as the return of rents paid to the plaintiffs but which were not due because allegedly the plaintiffs did not have a certificate of occupancy, as required by General Statutes § 47a-5. In Count Two of the Counterclaim the defendant seeks the return of $10,492.50 in rents paid but which were not due because of the plaintiffs' alleged failure to meet their responsibilities as landlords, as required by General Statutes § 47a-7, and because of the plaintiffs' alleged failure to provide essential services, as required by General Statutes § 47a-13.
In Count Three of the Counterclaim defendant Amy Miller seeks punitive damages for the plaintiffs' alleged reckless indifference to her repeated requests for the plaintiffs to remedy housing code violations at her premises. In Count Four the defendant seeks reasonable attorney's fees, pursuant to General Statutes § 47a-13 for the plaintiffs' refusal to supply heat and to supply essential services to the premises.
The plaintiffs deny the material allegations embraced in defendant's Special Defenses and in her Counterclaim.
From the pleadings and the evidence presented at the trial the court finds the facts stated hereinafter.
 Breach of Lease by Vacating Premises prior to notice provided in Lease
The court finds that the parties signed a lease for the period of August 1, 1993 through July 31, 1994. The premises subject of the lease are located on the second floor of a two-family house on 639 Schoolhouse Lane in Orange, Connecticut.
The Court finds that by giving the plaintiffs' notice on December 2, 1993 that she was vacating the premises on December 30, 1993, and so doing, the defendant violated the three-month notice provision contained in the lease. The remedy for this violation is contained in paragraph 30 of the lease itself; i.e. $2,370 as the maximum charge of rent for a three month period. The defendant's objection to this CT Page 1267-DDD remedy is predicated upon her claim that certain defects in the conditions of the premises required her to vacate the premises in an untimely manner. The defendant further contends that such defects are so fundamental that they excuse any obligation to pay rent. The defects alleged are as follows: 1) a loose electrical wire under the dishwasher; 2) the absence of a second smoke detector in the premises; 3) an improper covering of a hole in a flu in a chimney; 4) intermittent loss of heat due to problems with the furnace; 5) damage to a ceiling on the first floor; and 6) several other miscellaneous items.
The defendant offered evidence at the trial in support of her claim that the foregoing defects represent such a defalcation that they are evidence of the plaintiffs' violation of a landlord's basic statutory responsibilities, pursuant General Statutes §§ 47a-7, and47-13 to comply with housing codes in keeping the premises habitable and supplied with essential services. The defendant offered the testimony of Mr. Timothy Smith, Fire Marshall of the Town of Orange to confirm some of her contentions. Mr. Timothy Smith testified that although his office does not have jurisdiction of a two-family house, having only one smoke detector — such as that of the defendant — does not violate any standards. He further testified that the wires, if live, underneath the dishwasher, should be capped; and that at his inspection on October 12, 1993, the hole in the flu [flue] of the chimney was covered by improper material.
Nevertheless, evidence presented at the by the plaintiffs and certain of Mr. Timothy Smith's testimony established by a preponderance of the evidence that the premises were habitable and that the plaintiffs corrected conditions in the premises within a reasonable time after receiving notice of any significant defects. The evidence established further that significant items needing corrections were addressed prior to defendant's notice of December 2, 1993. In addition, the defendant acknowledges in paragraph 30 of the lease that at the commencement of this tenancy she was satisfied with the physical condition of the premises, with the notation that the landlord agrees to repair the wire under the dishwasher and the wood soffit under the kitchen cabinet. CT Page 1267-EEE
The defendant offered evidence of paying heating contractors to repair the furnace on several occasions as to which the landlords were not then aware. Although such payments should be credited to her, they are not evidence of a knowing defalcation by the landlords.
Accordingly, the court finds that since the credible evidence in this case establishes that the premises were habitable and further establishes that the landlords did supply essential services, defendant Amy Miller was not justified in her attempts to terminate the lease by vacating the premises on December 30, 1993 after giving the plaintiffs notice of less than three months.
Unpaid Rent and related charges
 Unpaid Rent
Inasmuch as the court finds that the defendant did not sustain its burden of proving its Special Defense that the Town of Orange required a certificate of occupancy and that the plaintiffs did not have such certificate, the defendant has not proved, pursuant to General Statutes § 47a-5, that no rent was due. Accordingly, the court now considers the plaintiffs claim for unpaid rent.
The parties concede that the last month for which rent was paid is the month of October 1993. The Court finds that the plaintiffs made reasonable efforts to mitigate their damages for unpaid rent, and that the amount due as unpaid rent encompasses the months of November and December of 1993, as well as January and February of 1994. These months are consistent with the maximum amount of recovery of rent set out in the parties' lease.
Prior rental Arrearage
The plaintiffs established their entitlement to $534.50, the amount due as the prior rental arrearage.
Water Bill
The plaintiffs claim that the defendant owes them $257.68 as reimbursement for her portion of a water bill. CT Page 1267-FFF However, at the trial the defendant proved that she paid $100.00 towards this bill.
Damage to Premises
The court finds that the plaintiffs did not introduce evidence sufficient to establish that the defendant exceeded the standard of ordinary wear and tear allowable in a landlord-tenant situation.
 Defendant's claim of Reimbursement for Repairs to Furnace
During the trial the defendant proved that she expended $445.25 in repairing the furnace which services the premises.
The defendant's Special Defenses
The court finds that the defendant proved only that she paid $100.00 toward the water bill for which the plaintiffs seek reimbursement. The court finds that the defendant did not prove other essential allegations of her Special Defenses.
The defendant's Counterclaim
The Court finds that the defendant has not sustained her burden of proof on any count in her counterclaim.
The damages and judgment
From the foregoing, the court calculates the damages as follows:
 Unpaid rent for the months $ 3,160.00 of November, December, January and February at the rate of $790.00 per month
 Rental arrears 534.50 Water bill 257.68 ---------- 3,952.18
Minus credits CT Page 1267-GGG
 security deposit $ 790.00 furnace repair 445.25 water bill 100.00 -------- 1,335.35
Adjusted balance $ 2,616.83
Accordingly, the court enters judgment for the plaintiff in the amount of $2,616.83.
Clarance J. Jones, Judge